CARL E. ROSTAD
RYAN G. WELDON
Assistant U.S. Attorneys
U.S. Attorney's Office
P.O. Box 3447
Great Falls, Montana 59403-3447
Direct Line: (406) 771-2001
Phone: (406) 761-7715
FAX: (406) 453-9973
Email: Carl.Rostad@usdoj.gov
Ryan.Weldon@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

FILED
JUN 13 2016
Clerk, U.S. District Court
District Of Montana

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, | CR 16-22-GF-BMM |
|---|---|
| Plaintiff, | |
| vs. | **PLEA AGREEMENT** <br> (Rule 11 (c)(1)(A), (B), *Federal Rules of Criminal Procedure*) |
| BRIAN KELLY EAGLEMAN, | |
| Defendant. | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United

States of America, by Carl E. Rostad, Assistant United States Attorney for the District

CER   BKE   CBJ   Date

1

of Montana, and the defendant, Brian Kelly Eagleman, and his attorney, Carl B. Jensen, have agreed upon the following:

1. **Scope:** This plea agreement is between the United States Attorney's Office for the District of Montana and defendant. It does not bind any other federal, state or local prosecuting, administrative or regulatory authority, or the United States Probation Office.

2. **Charges:** The defendant agrees to plead guilty to Count IV of the Indictment which charges the crime of Embezzlement from an Indian Tribal Organization, in violation of 18 U.S.C. § 1163. The offense charged in Count IV of the Indictment carries a maximum punishment of five years imprisonment, a $250,000 fine, three years supervised release, and a $100 special assessment.

Restitution is mandatory [18 U.S.C. §3663A(a)(1) and (c)(1)(A)(ii)] and will be fixed at $410,000, to be paid to the Chippewa Cree Tribe, by agreement of the parties. 18 U.S.C. § 3663(a)(3).

3. **Nature of the Agreement:** The parties agree that this plea agreement shall be filed and become a part of the record in this case, and will be governed by:

Rules 11(c)(1)(A)&(B), *Federal Rules of Criminal Procedure*. The defendant acknowledges that the agreement will be fulfilled provided the United States (a)

CER   BKE   CBJ   Date

2

moves to dismiss, and the Court agrees to dismiss Counts II and III of the Indictment on file herein, (*b*) agrees not to pursue other charges against the defendant—other than those in *United States v. Brian Kelly Eagleman*, CR 16-35-GF-BMM, charging the defendant with Theft from an Indian Tribal Organization, in violation of 18 U.S.C. § 1163, and Count I of *United States v. Brian Kelly Eagleman and Violet Lynn Eagleman*, CR 16-41-GF-BMM, charging the defendant with Tax Evasion/Evasion of Payment, in violation of 26 U.S.C. § 7201—arising out of financial transactions with the Chippewa Cree Tribe, or any agent, official, or employee of the Chippewa Cree Tribe, or any of its subsidiary organizations.

The defendant understands that if the agreement is accepted by the Court there will not be an automatic right to withdraw the plea. The parties acknowledge that the Court is not bound by the recommendations of the parties and that the failure to follow such recommendations does not invalidate the plea agreement.

**Interdependence of Plea Agreements:** The defendant acknowledges that the agreement he has reached with the United States in this cause is one part of a larger disposition of multiple cases, both charged and uncharged, and by agreements reached in this case and in *United States v. Brian Kelly Eagleman*, CR 16-35-GF-BMM, and *United States v. Brian Kelly Eagleman and Violet Lynn

CER   BKE   CBJ   Date 6/13

3

*Eagleman*, CR 16-41-GF-BMM and that this agreement is conditioned on the successful completion of all related agreements.

Therefore, this agreement is conditioned upon all agreements with Brian Kelly Eagleman being accepted by the Court and concluded without the withdrawal from any of the agreements by either defendant. The defendant understands that if he withdraws from any of the agreements, or the Court rejects any of the agreements, all agreements will become null and void.

4. **Admission of Guilt**: The defendant will plead guilty because he is in fact guilty of the charge contained in Count IV of the Indictment. In pleading guilty, the defendant acknowledges that:

### Theft from an Indian Tribal Organization
### Title 18 U.S.C. § 1163

**First**, that the defendant knowingly and willfully embezzled, stole, converted to his own use, or misapplied money or funds, or property; and

**Second**, that the property so taken belonged to the Chippewa Cree Tribe, an Indian tribal organization, or which had been entrusted to the custody or care of an officer, employee, or agent of the Indian tribal organization.

**Third**, that the value of the property taken was $1000 or more.

CER  BKE  CBJ  Date

4

5. **Waiver of Rights by Plea:**

(a) The defendant has the right to plead not guilty or to persist in a plea of not guilty.

(b) The defendant has the right to a jury trial unless the defendant, by written waiver, consents to a non-jury trial. The government must also consent and the court must approve a non-jury trial.

(c) The defendant has the right to be represented by counsel, and if necessary, have the court appoint counsel, at trial and at every other stage of these proceedings.

(d) If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. The defendant and his defense attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

        CER   BKE   CBJ   Date

(e) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of the defendant's guilt beyond a reasonable doubt.

(f) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and the defense attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on the defendant's own behalf. If the witnesses for the defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the court.

(g) At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify and no inference of guilt could be drawn from his refusal to testify. Or the defendant could exercise the choice to testify on his own behalf.

(h) If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made which would entitle the defendant to reversal of the conviction.

_____  _____  _____  _____
CER      BKE      CBJ      Date

(i) The defendant has a right to have the district court conduct the change of plea hearing required by Rule 11, Federal Rules of Criminal Procedure. By execution of this agreement, the defendant expressly waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge.

The defendant understands that by pleading guilty pursuant to this agreement, he is waiving all the rights set forth in this paragraph. The defendant's attorney has explained these rights and the consequences of waiving these rights.

6. **Agreements and Recommendations**: The parties stipulate and agree that for purposes of fraud loss calculation under the U.S. Sentencing Guidelines, and restitution, loss is fixed at $410,000. 18 U.S.C. § 3663(a)(3). The defendant acknowledges that relevant conduct may be used in the calculation of the fraud loss amount, USSG §1B1.3, but the parties stipulate and agree that no more than $680,000 should be used in calculating the advisory guideline range.

The United States agrees to recommend that any sentence imposed in this case be served concurrently with the sentence imposed in all other sentences imposed in *United States v. Brian Kelly Eagleman*, CR 16-35-GF-BMM, and *United States v. Brian Kelly Eagleman and Violet Lynn Eagleman*, CR 16-41-GF-BMM.

CER    BKE    CBJ    Date 6/13

The United States and the defendant are free to make any other sentencing recommendation not inconsistent with this agreement. The parties acknowledge that the recommendations of either party are not binding on the Court and failure to accept or follow any recommendation does not void the agreement or permit an automatic withdrawal from the agreement by either party.

The defendant authorizes the U.S. Probation Office to release to the Financial Litigation Unit of the U.S. Attorney's Office all documents and financial information provided by the defendant to the U.S. Probation Office and any information obtained by the U.S. Probation Office about the defendant through its investigation. The defendant further agrees to fully complete a financial statement in the form prescribed by the U.S. Attorney's Office, provide financial documents as requested, and submit to a debtor's exam if deemed appropriate by the U.S. Attorney's Office pre-sentencing, in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant consents to being immediately placed on the Treasury Offset Program to help meet the defendant's obligation to pay restitution and/or a fine.

7.      **Effect of Early Decision:**   If the defendant otherwise qualifies for a two level adjustment for acceptance of responsibility, and the advisory guideline offense level is 16 or higher, and the defendant files this agreement or a Motion to

CER    BKE    CBJ    Date 6/13

Change Plea by Tuesday, May 31, 2016, the United States will move the Court at the time of sentencing to award the defendant an additional point for acceptance of responsibility pursuant to USSG §3E1.1(b).

8. **Sentencing Guidelines**: Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable. The parties acknowledge that the recommendations of either party as to the applicability of any guideline provision is not binding on the Court and failure to accept or follow any recommendation does not void the agreement or permit an automatic withdrawal from the agreement by either party.

9. **Appeal Waivers**:

A. *Substantial Assistance Motion Waiver*: The defendant acknowledges that 18 U.S.C. § 3742 affords him the right to appeal the sentence imposed in this case. Under appropriate circumstances, the United States may move, but has not made any commitment as part of this agreement to move, for a downward departure from the guideline range pursuant to USSG §5K1.1 to reward the defendant for any substantial assistance provided before sentencing. If such a motion is made and the Court accepts the plea agreement, the defendant hereby waives all right to appeal

CER   BKE   CBL   Date 6/6/

9

any aspect of the sentence, including conditions of probation or supervised release, imposed by the Court.

If a motion for downward departure is made under USSG §5K1.1, the defendant also agrees to waive his right to collaterally attack the judgment or sentence pursuant to 28 U.S.C. § 2255. This waiver does not prohibit his right to pursue or maintain such an action arising from facts not known or reasonably capable of being known at the time of his entry of guilty plea or alleging that he received ineffective assistance of counsel.

B. **Alternative Waiver Provision—*If No Substantial Assistance Motion is Made, Conditional Waiver*:** If no substantial assistance motion is made, the defendant agrees to a conditional waiver of appeal. The defendant acknowledges that 18 U.S.C. § 3742(a) affords him the right to appeal the sentence imposed in this case. The prosecution has a comparable right of appeal provided in 18 U.S.C. §3742(b). By this agreement, the defendant waives his right to appeal the reasonableness of the sentence, including conditions of probation or supervised release, if the defendant has no objection to the calculation of the guidelines and the sentence imposed is within or below the range provided for by that calculation. The United States waives its right to appeal the reasonableness of the sentence if it has no

CER  BKE  CBJ  Date

objection to the calculation of the guidelines, and the sentence imposed is within or above the range provided for by that calculation.

The defendant also waives his right to challenge the sentence in a collateral proceeding pursuant to 28 U.S.C. § 2255. This waiver does not prohibit his right to pursue or maintain such an action arising from facts not known or reasonably capable of being known at the time of his entry of guilty plea or alleging that he received ineffective assistance of counsel.

10.  **Voluntary Plea**: The defendant and defendant's attorney acknowledge that no threats, promises, or representations have been made to induce the defendant to plead guilty, and this agreement is freely and voluntarily endorsed by the parties.

11.  **Non Prosecution and Dismissal**: Upon acceptance of this agreement by the Court, the United States Attorney for Montana shall cause Counts II and III of the Indictment to be dismissed within 21 days of sentencing. In addition, the United States will not pursue other charges against the defendant (other than those described herein which are the subject of a separate but dependent agreements) arising out of financial transactions with the Chippewa Cree Tribe, or any agent, official, or employee of the Chippewa Cree Tribe, or any of its subsidiary organizations.

CER  BKE  CBJ  Date

**Waiver of Speedy Trial**: The defendant has agreed, unconditionally, to waive appeal if the government makes a substantial assistance motion pursuant to USSG §5K1.1 at the time of sentencing. If such a motion is made by the government, and notwithstanding the agreement the defendant files a Notice of Appeal, the defendant expressly waives any and all objection under the Speedy Trial Act for any delay caused by the defendant's breach of the plea agreement between the time of sentencing and the date set for trial of the remaining count or counts of the Indictment.

12. **Detention/Release Pending Sentencing**: If the defendant has not violated any conditions of pre-trial release at the time of entry of plea, the United States will recommend that the defendant remain on release with conditions pending sentencing.

13. **Entire Agreement**: Any statements or representations made by the United States, the defendant, or his counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.

         CER    BKE    CBJ    Date

MICHAEL W. COTTER
United States Attorney

*[signature]*

CARL E. ROSTAD
Assistant U. S. Attorney

*[signature]*

BRIAN KELLY EAGLEMAN
Defendant

*[signature]*

CARL B. JENSEN
Defense Counsel

*[signatures]*
CER    BKE    CBJ    Date

13